**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **GROVER HALL** | |
| **VS.** | **C.A. No.: 2:16-CV-196** |
| | **JURY DEMANDED** |
| **WERNER ENTERPRISES, INC.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Grover Hall files this Plaintiff's Original Complaint, complaining of Defendant David Bates and Werner Enterprises Inc.

### 1.0

### PARTIES

1.1   Plaintiff Grover Hall is an individual residing in Bee County, Texas, which lies within the Corpus Christi Division of the Southern District of Texas.

1.2   Defendant is a Nebraska corporation with its principal office in Nebraska. It may be served through its designated agent for service, Douglas Fletcher, 8750 N. Central Expressway, 16th Floor, Dallas, Texas 75231.

### 2.0

### JURISDICTION

2.1   This Court has diversity jurisdiction pursuant to the United States Constitution and 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

2.2   Defendant is subject to jurisdiction in the State of Texas, and in the Southern District, because it consented to jurisdiction by designating an agent under the Federal Motor Carrier Act, 49 U.S.C. § 13304. *See Ocepek v. Corporate Transport, Inc.*, 950 F.2d 556, 559 (8th Cir. 1991) (holding that New York Motor Carrier consented to jurisdiction in Missouri for Ohio accident by designating an agent under the Motor Carrier Act). Defendant filed a form

        BOC-3 with the Federal Motor Carrier Safety Administration making a blanket designation naming National Resident Agent Service, Inc., which included designating Douglas Fletcher as its agent in Texas.

2.3    Defendant maintains and operates terminals in El Paso, Texas, Laredo, Texas and Dallas, Texas.

2.4    Defendant has numerous employees in its El Paso, Texas, Laredo, Texas, Pharr, Texas, and Dallas, Texas terminals.

2.5    Defendant operates numerous trucks over Texas highways.

2.6    Defendant has registered with the Texas Secretary of State.

2.7    Defendant conducts a substantial amount of business in Texas.

2.8    Defendant has managerial employees in El Paso, Texas, Laredo, Texas, Pharr, Texas, and Dallas, Texas.

2.9    Defendant has applied for and received authority from the Texas Department of Transportation to operate in Texas.

2.10    Defendant owns real estate in El Paso, Texas, Dallas, Texas, Pharr, Texas, and Laredo, Texas.

2.11    Defendant owns personal property located in El Paso, Texas, Dallas, Texas, Pharr, Texas, and Laredo, Texas.

2.12    Defendant maintains one or more bank accounts in Texas.

2.13    Defendant maintains one or more bank accounts within the Southern District of Texas.

2.14    Defendant trains some of its employees in Texas.

2.15    Due to its continuous and systematic contacts with the State of Texas, Defendant is subject to general jurisdiction in Texas.

2.16    Defendant operates a drop yard in Pharr, Texas.

## 3.0
## VENUE

3.1    Defendant is deemed to reside in the Southern District of Texas because it is amenable to

jurisdiction in the Southern District of Texas. 29 U.S.C. § 1391(a)(1), (c). Therefore, venue is proper in the Southern District of Texas.

## 4.0

## FACTS

4.1   Defendant Werner Enterprises Inc. is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

4.2   Defendant hired, qualified, and retained David Bates as a truck driver.

4.3   At all times relevant to this lawsuit, David Bates was acting in the course and scope of his actual and/or statutory employment with Defendant Werner Enterprises Inc.

4.4   On or about February 17, 2016, David Bates backed a tractor-trailer into a tractor-trailer occupied by Plaintiff.

4.5   Plaintiff was injured as a result of the February 17, 2016 collision.

4.6   Defendant failed to adequately train and supervise David Bates.

4.7   Defendant did not equip the Werner tractor-trailer with a backup camera.

4.8   Defendant did not equip the Werner tractor-trailer with backup sensors.

## 5.0

## CAUSE OF ACTION

5.1   David Bates was negligent in the operation of the tractor-trailer. Specifically, Defendant David Bates failed to ensure that there was not another vehicle behind him before backing up.

5.2   The standard in the trucking industry is for truck drivers to "get out and look" before backing up to ensure that there is nothing behind them.

5.3   Defendant was aware of the dangers of backing tractor-trailers and the many crashes, injuries, and deaths that occur in backing accidents every year.

5.4   Defendant was aware that technology was available that could prevent many backing crashes, including backup cameras or backup sensors.

5.5   Defendant chose not to implement any of this technology in the tractor-trailer operated

by David Bates.

5.6 Upon information and belief, Defendant failed to adequately train and supervise David Bates.

5.7 As a direct and proximate result of the negligence of Defendant and of David Bates, Plaintiff sustained personal injuries.

5.8 Defendant Werner Enterprises Inc. is vicariously liable for the negligence of Defendant David Bates under the statutory employment doctrine as well as the doctrine of respondeat superior.

5.9 Based on the facts of this wreck, it appears that Defendant David Bates may have been fatigued or driving in violation of the hours-of-service regulations.

5.10 It further appears that Defendant Werner Enterprises Inc. may have been negligent in its entrustment of a tractor-trailer to Defendant David Bates, and in the qualification, hiring, training, supervision, and retention of Defendant David Bates.

**6.0**

**DAMAGES**

6.1 Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendant's negligence:

    a. Medical care, past and future;

    b. Lost wages and earning capacity, past and future;

    c. Physical impairment, past and future;

    d. Physical pain, emotional distress, and mental anguish, past and future; and

    e. Disfigurement, past and future.

6.2 Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs. Plaintiff's damages exceed $1,000,000.00.

**7.0**

**JURY DEMAND**

7.1 Plaintiff demands a jury trial.

# 8.0

# PRAYER

Plaintiff prays that the Court enter judgment for Plaintiff for actual damages, together with prejudgment interest, postjudgment interest, and court costs.

>Respectfully submitted,
>
>/s/ Michael R. Cowen
>S.D. Tex ID No. 19967
>Texas Bar No. 00795306
>62 E. Price Road
>Brownsville, Texas 78521
>Telephone: (210) 941-1301
>Facsimile: (956) 504-3674
>E-Mail for Service: efilings@cmbtrial.com
>Personal E-Mail: michael@cmbtrial.com

Of Counsel:

COWEN | MASK | BLANCHARD
62 E. Price Road
Brownsville, Texas 78521