Case 2:16-cv-00196 Document 16 Filed in TXSD on 09/27/16 Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GROVER HALL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-196 |
| | § | |
| WERNER ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO TRANSFER VENUE

Plaintiff Grover Hall (Hall) filed this personal injury action against Defendant Werner Enterprises, Inc. (Werner) regarding a motor vehicle collision that occurred in Guilford Township, Indiana. D.E. 1. Werner, a Nebraska corporation with its principal place of business in Nebraska, concedes both subject matter (diversity) jurisdiction and personal jurisdiction in its answer (D.E. 12), but has filed its motion to transfer venue (D.E. 7), seeking a transfer of this action to the Southern District of Indiana. For the reasons set out below, the Court DENIES the motion.

**A. Personal Jurisdiction and Venue of this Court**

Werner first challenges whether this action is properly filed in this Court under the venue statute, 28 U.S.C. § 1391(b). That statute permits a plaintiff to file in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Werner is the only Defendant named in this case. For purposes of the venue statute, a defendant that is a corporate entity "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with

respect to the civil action in question . . . ." § 1391(c)(2). Werner has admitted that it is subject to this Court's personal jurisdiction. D.E. 12, p. 1, ¶ 4. Thus this action is properly filed in this Court.

## B. Transfer of Venue

### 1. Standard of Review

The issue of transfer of venue is committed to the sound discretion of this Court. 28 U.S.C. § 1404(a); *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("[W]e review only for clear abuses of discretion that produce patently erroneous results."). A court may transfer venue (1) for the convenience of parties and witnesses, in the interests of justice, (2) to any other district or division where the action might have been brought. 28 U.S.C. § 1404(a). The burden of proof is on the movant to show good cause for the proposed transfer. *Volkswagen*, 545 F.3d at 314. According to the Fifth Circuit:

> This "good cause" burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled. When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Volkswagen*, 545 F.3d at 315.

This action "might have been brought" in the Southern District of Indiana because the motor vehicle collision occurred there. 28 U.S.C. § 1391(b)(2). Thus the second

requirement for transfer of venue is satisfied. The first prong of the test requires an analysis and weighing of several private and public interest factors that were first set out as governing *forum non conveniens* determinations and which were later applied to transfer of venue questions.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing Piper Aircraft, 454 U.S. at 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419).

The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *Id*.; *Volkswagen*, 545 F.3d at 315.  Each factor will be discussed below.  As the Fifth Circuit observed, these factors "are not necessarily exhaustive or exclusive.  Moreover, we have noted that 'none . . . can be said to be of dispositive weight.'"  *Id*. (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

### C.  Private Interest Factors

#### 1.  Relative Ease of Access to Sources of Proof

Werner argues in boilerplate terms that the Southern District of Indiana offers a greater ease of access to sources of proof because the collision happened there, was

investigated by law enforcement there, and any emergency responders were there, along with all of their respective witnesses and records. Hall points out that Werner already has the accident report,[1] the investigating officer did not conduct any accident reconstruction, no emergency medical services were called or attended to the individuals involved, and there were no witnesses to the collision other than Hall and Werner's driver, neither of which are said to reside in Indiana. Hall further argues that his treating physicians, their records, and witnesses to his condition before and after the collision are all located in the Southern District of Texas. This category weighs against transfer.

### 2. The Availability of Compulsory Process to Secure Witnesses

Werner argues that this Court does not have subpoena power over any of the Indiana witnesses. By that, the Court presumes Werner is referencing the investigating law enforcement officer. Otherwise, Werner has failed to name any specific witness necessary to the case who resides in Indiana. Rather, its argument is based on a generic list of types of witnesses often involved in such cases but which, as noted above, are not involved in this case. In contrast, Hall has named no fewer than seven witnesses who he claims are necessary to his proof of injuries, all of whom are subject to this Court's subpoena power and are not subject to compulsory process in Indiana. This category weighs against transfer.

### 3. The Cost of Attendance for Willing Witnesses

Again, Werner fails to name any willing witnesses it intends to call for trial and it fails to conduct any real cost analysis. Instead, it simply sets out the relative distances

---

[1] It can be argued that "unless the documents are so voluminous that their transport is a major undertaking, the locations of books and records is given little weight." *Sarmiento v. Producer's Gin of Waterproof, Inc.*, 439 F. Supp. 2d 725, 732 (S.D. Tex. 2006).

between the alternate venues, its corporate headquarters, and the accident site. It also notes that there is an international airport in Indianapolis. In contrast, Hall has named seven witnesses whose cost to appear locally will be negligible, compared to sending them to Indiana, incurring—at the very least—travel, lodging, and food costs. The Court also takes judicial notice that there is an international airport in Corpus Christi, Texas. This factor weighs against transfer.

### 4. Practical Problems

The parties agree that there are no other practical problems that would influence the venue decision. This factor is neutral.

## D. Public Interest Factors

### 1. Administrative Difficulties Flowing from Court Congestion

Werner offers the 2014 statistics regarding the total pending cases in the Southern District of Texas compared to the Southern District of Indiana. This data does not address the relative caseloads of the judges (the number of which varies from judicial division to judicial division) or the current disposition data. While the Corpus Christi Division has had a longstanding judicial vacancy straining its resources, this Court disposes of its civil cases timely. On this record, this factor is neutral.

### 2. Local Interest in Having Localized Interests Decided at Home

Werner contends that the Southern District of Indiana has a greater interest in the decision in this case because it occurred there, was presumably witnessed there, Indiana police were involved in the investigation, and no part of the events occurred in Texas. This is a collision that took place in a parking lot. According to Hall and not controverted by

Werner, Werner's driver failed to notice Hall's rig and backed into him. No witnesses other than the two drivers have been identified—neither of which resides in Indiana. One investigating law enforcement officer exposed to the event only after-the-fact does not present a significant local interest in the decision of the case. Rather, as Hall argues, there is a localized interest in the Southern District of Texas for compensating its injured residents. *See generally, Smith v. Nissan N. Am., Inc.*, No. 206 CV 41, 2006 WL 1624514, *4 (E.D. Tex. June 12, 2006) (product liability case). This factor is neutral.

### 3. Familiarity of the Forum With the Law that Will Govern the Case

The parties agree that this factor is neutral.

### 4. Avoidance of Unnecessary Problems of Conflict of Laws

The parties agree that this factor is neutral.

### CONCLUSION

For the reasons set out above, the Court finds that three of the four private interest factors weigh against transfer and the rest of the factors are neutral. Werner has not met its burden to show that the transferee venue is clearly more convenient or that there is good cause for a transfer. The motion to transfer venue (D.E. 7) is DENIED.

ORDERED this 27th day of September, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE